1  JOHN L. BURRIS, Esq.  SBN 69888
2  ADANTÉ D. POINTER Esq. SBN 236229
   LAW OFFICES OF JOHN L. BURRIS
3  Airport Corporate Centre
   7677 Oakport Street Suite 1120
4  Oakland, California 94621
   Telephone:  (510) 839-5200
5  Facsimile:  (510) 839-3882
   John.Burris@johnburrislaw.com
6  Adante.Pointer@johnburrislaw.com

7  Attorneys for plaintiffs

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12

13  MARY PINKNEY individually and on behalf of      Case No.
    the ESTATE of CEDRICK L. PINKNEY; K.P.,
14  by and through her Guardian Ad Litem,           COMPLAINT FOR WRONGFUL DEATH
    VERONICA HARRIS                                 AND VIOLATION OF CIVIL RIGHTS AND
15                                                  DAMAGES

16                  Plaintiffs,                     JURY TRIAL DEMANDED

17          vs.

18  COUNTY OF ALAMEDA,  a municipal
    corporation;  GREGORY AHERN, in his
19  capacity as Sheriff for the COUNTY OF
    ALAMEDA; PRISON HEALTH SERVICES, a
20  corporation; and DOES 1-100, inclusive,

21
                    Defendants.
22  _____/

23

24                      INTRODUCTION

25      This case is about a critically ill man who was being detained and ultimately died during his

26  incarceration at Alameda County's Santa Rita Jail.  Mr. Pinkney died as a result of the County and

27  Prison Health Services' willful failure to diagnose and treat his grave medical condition. This action

28  for wrongful death, cruel and unusual punishment and failure to treat/diagnose is being brought by

    his estate, his mother, and, his adolescent daughter.

PARTIES

1.     Plaintiff herein, K.P., is the minor surviving daughter of decedent, CEDRICK PINKNEY, represented herein by and through her Guardian Ad Litem, VERONICA HARRIS.

2.     Plaintiff herein, MARY PINKNEY, is, and at all times herein mentioned was a citizen of the United States.  Plaintiff is the surviving mother of decedent, CEDRICK PINKNEY.

3.     Defendant COUNTY OF ALAMEDA ("COUNTY") is a governmental entity, duly organized and existing under the laws of the State of California.  COUNTY operates ALAMEDA COUNTY SHERIFF'S DEPARTMENT ("ACSD") and SANTA RITA JAIL ("SRJ").

4.     At all times herein mentioned, defendant, GREGORY AHERN, was the Sheriff for the COUNTY. Defendant, GREGORY AHERN, is sued herein in his official capacity as the Sheriff for the COUNTY.

5.     Defendant PRISON HEALTH SERVICES ("PHS"), is and at all times mentioned herein, a corporation duly authorized, existing and doing business in the State of California.

6.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 1-100, inclusive, when they have been ascertained.

7.     DOES 1 through 25, inclusive, are deputy sheriffs employed by defendant COUNTY, acting within the course and scope of their employment by defendant COUNTY, and were directly involved in the supervision and oversight of decedent.  DOES 26 through 50, inclusive, are defendant deputy sheriffs employed by defendant COUNTY, acting within the course and scope of their employment by defendant COUNTY, were employed in a supervisory capacity by defendant COUNTY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training defendant deputy sheriffs employed by the COUNTY in the proper and reasonable supervision of inmates.

8.     DOES 51 through 75, inclusive, are medical providers employed by defendant PHS, acting within the course and scope of their employment by defendant PHS, were employed in a

1  supervisory capacity by defendant PHS and were responsible in some manner for properly and

2  adequately hiring, retaining, supervising, disciplining, and training defendant nurses employed by the

3  PHS in the proper and reasonable supervision and treatment of medically ill inmates.

4      9.    DOES 76 through 100, inclusive, are medical providers employed by defendant PHS,

5  acting within the course and scope of their employment by defendant PHS, and were directly

6  involved in the medical diagnosis and treatment of decedent.

7      10.   Plaintiff is required to comply with an administrative tort claim requirement under

8  California law.  Plaintiff has complied with all such requirements.

9

10                          STATEMENT OF FACTS

11      11.   Mr. Cedrick Lamont Pinkney (hereinafter Mr. PINKNEY) died in Santa Rita Jail on

12  January 24, 2007.  Mr. PINKNEY was arrested by the Berkeley Police Department on December 12,

13  2006, and booked into Santa Rita Jail on December 14, 2006.  During the booking process, Mr.

14  PINKNEY informed jail medical staff that he had a significant medical history of Diabetes and

15  Hypertension.   He was then referred him to Highland Hospital to be medically cleared for

16  incarceration.  While at Highland, his treating physician prescribed medication to address his diabetic

17  condition.

18      12.   Mr. PINKNEY was seen several times by jail nursing staff between December 17,

19  2006 and his death on January 24, 2007 pursuant to "sick-calls" for a variety of complaints which

20  included, but are not limited to, severe dermatitis of his lower extremities, chronic swelling of his

21  feet, shortness of breath and flu-like symptoms.

22      13.   On January 17, 2007, jail medical staff prescribed a variety of medications to address

23  Mr. PINKNEY"s upper respiratory symptoms.  Thereafter, on January 23, 2007, Mr. PINKNEY

24  submitted a sick slip complaining of worsening symptoms and requesting time off from his work

25  assignment.

26      14.   When Mr. PINKNEY was seen the next day, on January 24, 2007, he presented with

27  symptoms of a runny nose, sore throat and non-productive cough. In response, jail medical staff

28

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES - 3

1  merely prescribed antibiotics and sent him back to languish in obvious pain and discomfort in his

2  housing unit without any further medical intervention.

3       15.    Although Mr. PINKNEY continued to present with obvious signs of cardiovascular

4  distress, he was left in dire straits on a lower bunk located in the F-pod. Many of the inmates

5  confirmed that Mr. PINKNEY looked like he was going to die. At 4:30 p.m., Mr. Pinkney told an

6  inmate, Mr. Lee Sampson (hereinafter "Mr. Sampson") that he was feeling bad and was experiencing

7  difficulty breathing. Mr. PINKNEY asked Mr. Sampson to call jail medical staff for help. Mr.

8  Sampson pushed the emergency button and asked for medical assistance. Alameda County Sheriff

9  Deputy Stewart responded to the pod and escorted Mr. PINKNEY to see the jail nurse. The nurse

10  quickly evaluated Mr. PINKNEY and instead of placing him in the jail's infirmary, sent him back to

11  F-pod. Deputy Stewart brought Mr. PINKNEY back to F-pod and while he apparently recognized

12  the acute level of distress Mr. PINKNEY was experiencing, dismissively told the other inmates in F-

13  pod to keep an eye on Mr. PINKNEY.

14       16.    Later that same day, Mr. PINKNEY told Mr. Sampson that he felt worse and was

15  having difficulty breathing and moving around in his bunk. Mr. Sampson called for medical staff.

16  Due to Mr. PINKNEY's condition, Mr. Sampson began helping Mr. PINKNEY, get dressed for what

17  he thought was Mr. PINKNEY's long overdue transfer to the jail's infirmary. A nurse arrived on the

18  scene and observed Mr. PINKNEY gasping for air and increasingly becoming unresponsive. Seeing

19  his acute medical distress, Mr. PINKNEY's fellow inmates tried to place him in a wheelchair.

20  However, before they could place him in the wheelchair, his body went limp and he appeared to stop

21  breathing.

22       17.    Mr. PINKNEY was taken to Valley Care Hospital where he was pronounced dead.

23  Apparently Prison Health Services Staff did not take Mr. PINKNEY's medical conditions seriously,

24  as they failed to place him under appropriate medical observation and willfully failed to diagnose his

25  acute medical condition. Instead, jail staff inexplicably left Mr. PINKNEY to suffer and ultimately

26  die without even administering a single meaningful cardiovascular test or having him evaluated by a

27  medical physician

28

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES - 4

18.     Plaintiffs further allege on information and belief that the ACSD and PHS, by and through their respective agents and employees, were on notice of decedent's serious illness through their observations and decedent's medical records.  Furthermore, it was apparent that decedent was suffering from a serious medical condition throughout his time in custody.

19.     Plaintiffs further allege that decedent's death was a foreseeable harm resulting from defendants' failure to exercise the duty of care owed to decedent, both by their failure to medically treat decedent and by leaving decedent in a cell without supervision and without the aid of meaningful medical care.

20.     The above-described intentional and/or negligent conduct by defendants was a factual and proximate cause of decedent's death and plaintiffs' damages.

21.     Defendants PHS, and COUNTY by and through its supervisory employees and agents, Sheriff AHERN, PRISON HEALTH SERVICES STAFF, and DOES 26-75, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its deputies and medical employees so as to avoid unreasonable risk of harm to detainees. With deliberate indifference PHS, COUNTY, Sheriff AHERN and DOES 1-100, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injuries and damages to plaintiffs.  PHS, COUNTY, Sheriff AHERN, and DOES 26-75, inclusive, breached their duty of care to citizens in that they failed to adequately train, supervise and discipline their medical personnel employees to exercise a professional standard of care for critically ill patients; ACSD deputies and officers, including DOES 1-25, inclusive, in the proper detention and supervision of physically ill detainees and detainees.   This lack of adequate supervisorial and medical training demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying with deliberate indifference the continuing negligent supervision and failure to provide adequate medical treatment of detainees, including plaintiff's decedent, by deputy sheriffs DOES 1-50 and PHS medical staff DOES 51-100, inclusive, employed by defendant COUNTY.

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES - 5

## DAMAGES

22.    As a consequence of Defendants violation of decedent's federal civil rights under 42 USC 1983 and the 14th Amendment, Plaintiff MARY PINKNEY was physically, mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to:  Plaintiff's loss of decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

23.    Minor plaintiff, K.P., by and through her Guardian Ad Litem, VERONICA HARRIS, is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).  Additionally, plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. Sections 377.60 and 377.61.

24.    As a further direct and proximate result of defendants' intentional and/or negligent conduct, plaintiff K.P. has been deprived of decedent's support.

25.    Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of decedent's civil rights, and plaintiffs' civil rights.

### FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Violation of Plaintiff's Civil Rights To Familial Relationship)

26.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 48 of this Complaint.

27.    Defendants, acting under color of state law, deprived plaintiffs of their right to a familial relationship without due process of law by their deliberate indifference to decedent's obvious medical crisis in violation of his rights, privileges, and immunities that are secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.  As a result, plaintiffs suffered damages as alleged in this Complaint.

28.    In doing the foregoing wrongful acts, defendants acted in reckless and callous disregard for the constitutional rights of plaintiffs and plaintiff's decedent. The wrongful acts, and each of them, were willful and deliberately indifferent to plaintiffs' civil rights.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Deliberate Indifference to Plaintiffs' Decedent's Medical Needs)

29.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 51 of this Complaint.

30.    In doing the acts complained of, defendants, and each of them, acted under color of state law to deprive the decedent of urgently needed medical care in violation of his rights, under the Due Process Clause of the Fourteenth Amendment. Decedent was entitled to receive necessary medical attention while incarcerated by defendant COUNTY. Defendant PHS willfully, deliberately and unconscionably denied decedent adequate medical care and/or treatment.

31.    As a proximate result of defendants' conduct, plaintiffs suffered injuries and damages as set forth herein.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(42 U.S.C. Section 1983)
Violation of Civil Right To Life and Security of Person

32.    Plaintiffs hereby reallege and incorporate by reference paragraphs 1 through 54 of this Complaint.

33.    Defendants acted under color of law by being deliberately indifferent to plaintiffs' decedent's medical needs and in failing to properly supervise plaintiffs' decedent, thereby depriving

1    plaintiffs and plaintiffs' decedent of certain constitutionally protected rights, including, but not

2    limited to:

3           a.      The right not to be deprived of life or liberty without due process of law, as guaranteed

4                   by the Fifth and Fourteenth Amendments to the United States Constitution;

5

6           b.      The right to Equal Protection of the laws, as guaranteed by the Fifth and Fourteenth

7                   Amendments to the United States Constitution;

8           34.     As a proximate result of the foregoing wrongful acts of defendants and the death of

9    plaintiffs' decedent, plaintiffs have sustained , and will in the future sustain, pecuniary loss and other

10   compensable injuries resulting from the loss of the society, comfort, attention, services, and support

11

12   of the decedent.

13          35.     As a further proximate result of the acts of defendants, as alleged above, plaintiffs'

14   decedent has lost his life.

15

16          36.     As a further proximate result of the acts of defendants, decedent suffered general

17   damages immediately prior to his death.

18          37.     In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless

19   and callous disregard for the Constitutional rights of plaintiff and the decedent.  The wrongful acts, as

20   alleged herein, were willful.

21

22          WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

23

24                                  **FOURTH CAUSE OF ACTION**
                                         (42 U.S.C. 1983)
25                                        Survival Action

26          38.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 60 of this

27   Complaint as though fully set forth;

28

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES - 8

39.    Mr. PINKNEY was forced to endure great conscious pain and suffering because of the COUNTY and PHS's deliberate indifference to decedent's illness before his death;

40.    He filed no action during his lifetime, but under the laws of the United States his action survives and may be asserted by his Estate;

41.    Plaintiff, MARY PINKNEY, as personal representative of the ESTATE OF CEDRICK PINKNEY claims damages for the conscious pain and suffering incurred by CEDRICK PINKNEY., under § 1983.

## FIFTH CAUSE OF ACTION
(C.C.P. Section 377.60 and 377.61)
Wrongful Death- Negligence
(Plaintiff K.P., by and through her Guardian Ad Litem, VERONICA HARRIS against all defendants)

42.    Plaintiffs reallege and incorporates by reference herein paragraphs 1 through 64 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43.    Defendants COUNTY, PHS and DOES 1-100 inclusive, by and through their respective agents and employees, proximately caused the death of decedent CEDRICK PINKNEY, said plaintiff's father, on January 24, 2007, as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

44.    As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of their father, decedent, in an amount according to proof at trial.

45.    As a further actual and proximate result of said defendant's negligence, plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

46.    Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claims damages from said defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Plaintiff K.P., by and through her Guardian Ad Litem, VERONICA HARRIS, against defendant
PHS and DOES 51-100)

47.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 46 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

48.    At all times mentioned herein, defendants PHS, by and through its agents and employees; and DOES 51-100, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its medical employees so as to avoid unreasonable risk of harm to citizens.  With deliberate indifference, PHS, and DOES 51-100, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of decedent's and plaintiffs' rights, the suffering and death of decedent, and injury and damages to decedent and plaintiffs. PHS 51-100, inclusive, failed to adequately train PHS jail staff, including DOES 51-100, inclusive, in the proper and reasonable supervision and medical treatment of jail inmates known or suspected to be seriously ill, and/or failed to have adequate policies and procedures regarding the supervision and medical treatment of jail inmates known or suspected to be seriously ill.  This lack of adequate supervisorial and medical training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing deliberate indifference to supervise and medically treat inmates known or suspected to be suffering serious medical problems by nurses and medical physicians employed by the PHS.

COMPLAINT FOR WRONGFUL DEATH AND DAMAGES - 10

49.    As a proximate result of defendants PHS, and DOES 51-100, inclusive's negligent conduct, decedent and plaintiff's suffered damages including severe emotional and mental distress and injury having a traumatic effect on decedent's and plaintiff's emotional tranquility.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### JURY DEMAND

50.    Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1.    For general damages in a sum of $3,000,000.00;

2.    For special damages in a sum according to proof;

3.    For funeral and burial expenses according to proof;

4.    For punitive damages for decedent's causes of action against defendant sheriff deputies and nurses in a sum according to proof;

5.    For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.

///

Dated:  June 12, 2008                                    Law Offices of John L. Burris

_____
ADANTÉ D. POINTER, Esq.
Attorney for plaintiffs